Dear Mr. Kling:
You requested an Attorney General's opinion regarding the proposed issuance of $20,000,000 of revenue anticipation notes by the New Orleans Aviation Board ("NOAB"). NOAB submitted an Application for Approval for authority to incur debt and issue revenue anticipation notes in an amount not to exceed $20,000,000 for the purpose of paying operating expenses. NOAB seeks to issue the notes pursuant to the authority granted under La. R.S.39:1034(D), La. R.S. 39:1430, La. R.S. 39:1444 through 1455, La. R.S. 39:1460.1 through 1460.2, and La. R.S. 39:1470 through 1473. You question whether NOAB has the authority to issue such borrowing arrangements for the purpose of paying operating expenses.
First, it should be noted that NOAB is a board existing pursuant to the authority of Article V, Section 601 of the Home Rule Charter of the City of New Orleans ("Charter"). As such, NOAB is authorized to issue bonds or notes, for various purposes, pursuant to each of the cited statutes.
To determine whether NOAB may issue revenue bonds for the purpose of paying operating expenses, we look to La. R.S.39:1034(D), which governs the issuance of revenue bonds by the City of New Orleans and provides:
 D. Revenue bonds. (1) The City and public entities are hereby authorized to issue revenue bonds for any authorized purpose payable out of the income, revenues, and receipts derived or to be derived from the properties or facilities owned, leased, mortgaged, or pledged to, maintained or operated by the City or any public entity or received by the City or income, revenues, and receipts received by the City or such public entity from such property and facilities, or derived from contracts or agreements relating to such properties and facilities, including, but not limited to, lease or sublease agreements, sale agreements, loan agreements, pledge agreements, or other financing agreements between *Page 2 
the City or such public entity and any entity or from any other sources whatsoever, including but not by way of limitation, other monies which, by law or contract, may be made available to the City or a public entity. The revenue bonds may be issued in accordance with the authority granted by Subpart C, Part I, Chapter 10, Title 33 of the Louisiana Revised Statutes, or Part XIII of Title 39 of the Louisiana Revised Statutes or R.S. 39:1430, and such other laws relating to the issuance of revenue bonds as may be applicable to municipal corporations as political subdivisions of the state, including laws pertaining specifically to the City or its agencies, boards, authorities, and commissions. Notwithstanding the provisions of the aforesaid laws referred to in the previous sentence to the contrary, the provisions of Chapters 13, 13-A and 14 of Title 39 of the Louisiana Revised Statutes shall be applicable to revenue bonds and shall, to the extent of any conflict therewith, govern those matters which are the subject of said Chapters of Title 39.
 (2) The issuance of any revenue bonds by the City under the provisions of this Subsection is subject to approval of the council by resolution adopted by affirmative vote of a majority of its members and the approval of the public entity issuing such bonds or the public entity on whose behalf such bonds are issued, by affirmative vote of a majority of the members of the governing authority of such public entity. Except as provided herein, no other approval for the issuance of revenue bonds shall be required other than that provided by Article VII, Section 8(B) of the Constitution of Louisiana.
La. R.S. 39:1032(6) defines "public entities" as "the Board of Liquidation, City Debt, and all of the agencies, boards, authorities, and commissions of the City (except the Sewerage and Water Board) collectively." Therefore, because NOAB meets the definition of public entity, it is authorized to issue revenue bonds for "any authorized purpose" under R.S. 39:1034(D), with the approval of the city council.
You questioned whether NOAB may issue bonds for the purpose of paying operating expenses. If paying operating expenses is an "authorized purpose", then NOAB would have authority to issue bonds for such purpose. The question then is, whether paying operating expenses is an "authorized purpose".
As previously noted, NOAB is a board existing pursuant to the authority of Article V, Section 601 of the Charter. It is clear from the language of 39:1034(D) that the statute contemplates that the City of New Orleans, and its boards, agencies, authorities and commissions, are all authorized to issue bonds. This statute must be read in conjunction with the Charter. Section 3-119 of the Charter provides: *Page 3 
 Section 3-119. Creation of General Debt.
 (1) The Council shall exercise all powers previously vested in the Commission Council in connection with the creation of debt by the Board of Liquidation, City Debt, on behalf of the City of New Orleans; provided, however, that except as expressly authorized elsewhere in this Charter, the Council shall not have authority to submit to the people any proposition creating any bonded indebtedness for the following purposes:
 (a) The payment of any operating expense.
 (b) The payment of any judgment resulting from the failure of the City to pay any item or items of operating expense.
 (c) The payment for any equipment or any public improvement of a normal life of less than ten years.
 The City shall have the authority, except as otherwise prohibited by this Charter, to incur any debt of a term longer than one year permitted under the Constitution and applicable state and municipal law with the approval of a majority of all members of the City Council.
 (2) The foregoing limitations shall not apply should the Council unanimously declare the existence of an emergency due to act of God, riot, war, or a grave emergency which threatens widespread loss of life or grievous injury to health or property.
This section of the Charter allows the City to issue bonds for payment of operating expenses in very limited circumstances. The City may issue bonds for such purposes only if "the Council unanimously declare[s] the existence of an emergency due to act of God, riot, war, or a grave emergency which threatens widespread loss of life or grievous injury to health or property".
It is the opinion of our office that, when read together with the Charter, R.S. 39:1032 and 1034 authorize NOAB to issue bonds for operating expenses when the City Council unanimously declares an emergency due to an act of God which threatens widespread loss of life or grievous injury to health or property. If such a declaration is made, then borrowing to provide working capital for operating expenses would be an "authorized purpose" under R.S. 39:1034(D).
Another provision cited by NOAB for authority to issue revenue bonds is La. R.S. 39:1430, which deals with the securities of public entities and provides: *Page 4 
 A. Notwithstanding any provision of law to the contrary, public entities may issue revenue bonds for any authorized purpose payable out of the income, revenues, and receipts derived or to be derived from the properties and facilities owned, leased, mortgaged, or pledged to, maintained or operated by the public entity or received by the public entity from these properties and facilities, or from contracts or agreements relating to these properties and facilities, including but not limited to lease or sublease agreements, sale agreements, loan agreements, pledge agreements, or other financing agreements, between that public entity or any entity, or from any other sources whatsoever, including but not by way of limitation sales tax revenues, provided annual debt service is not in excess of seventy-five percent of the sales tax revenues estimated to be received in the calendar year the bonds are issued, other monies which, by law or contract, may be made available to the public entity. No filing with respect to the pledge of income and revenues to the payment of revenue bonds issued under the constitution or any statute of this state need be made under Chapter 9 of Title 10 of the Louisiana Revised Statutes of 1950, as amended.
 B. Nothing contained in this Section is or shall be construed as a restriction or a limitation upon any powers which any public entity might otherwise have under any laws of this state. This Section shall be regarded as supplemental and additional to powers conferred by other laws.
La. R.S. 39:1421(2) defines "Public entities" as follows:
 "Public entities" means: (a) state boards, agencies or commissions, parishes, municipalities, parish and municipal school boards and districts, levee boards and districts, port boards and commissions, port, harbor, terminal and industrial districts, drainage and land reclamation districts, all special service districts including, but not limited to, road, water, sewerage, fire protection, recreation, hospital service, gas utility and garbage districts; (b) all other political subdivisions, special authorities, commissions, public trusts and boards heretofore or hereafter created by or pursuant to the constitution or statutes of the state, any laws incorporated into or ratified or confirmed by the constitution, or general or special charters of any parish or municipality; and (c) all other units of local government created by or governed by the governing authorities of parishes or municipalities.
Therefore, NOAB is also authorized to issue revenue bonds under R.S. 1430 for "any authorized purpose". Again, for the reasons discussed above, authorized purposes include borrowing for working capital purposes for operations at the Airport. *Page 5 
NOAB cites La. R.S. 39:1460.1 and 1460.2, which deal with bond anticipation notes of public entities, as granting it authority to issue bond anticipation notes. R.S. 39:1460.1(1) defines Public Entity" as follows:
 (1) "Public Entity" means:
 (a) Parishes, municipalities, parish and municipal school boards and districts, drainage and land reclamation districts, and all special service districts including but not limited to road, water, sewerage, fire protection, recreation, hospital service, gas utility, and garbage districts;
 (b) All other political subdivisions, special authorities, commissions, and boards heretofore or hereafter created by or pursuant to the constitution or statutes of the state, any laws incorporated into or ratified or confirmed by the constitution, or general or special charters of any parish or municipality; and
 (c) All other units of local government created by or governed by the governing authorities of parishes or municipalities.
R.S. 39:1460.2 provides in part:
 A. Subject to the approval of the State Bond Commission, without reference to any other provisions of the laws of Louisiana and in addition to any other authority therefore [sic], any public entity which is now or hereafter authorized by the constitution or the statutes of the state of Louisiana to incur debt and issue securities may authorize the issuance of bond anticipation notes in one or more series in anticipation of the issuance of securities which have been duly and lawfully authorized. The proceeds of the sale of such notes, exclusive of accrued interest, shall be used for the purpose of paying capitalized interest on such notes, for paying the costs of issuance, for providing a reserve for the payment of such notes, for renewing the principal amount of previously issued bond anticipation notes, or for the purpose for which the anticipated securities were authorized.
Because NOAB meets the definition of public entity, it has the authority to issue bond anticipation notes pursuant to 39:1460.2.
NOAB also cited La. R.S. 39:1470 through 1473, which deal with short-term revenue notes of public entities, as granting it authority to issue revenue notes. R.S. 39:1470(1) defines "Public entities" as follows: *Page 6 
 "Public entities" or "public entity" means any one of the following, acting alone or in conjunction with any other:
 (a) State boards, commissions, or agencies; parishes; municipalities; parish and municipal school boards and districts; levee boards and districts; port boards and commissions; port, harbor and terminal, and industrial districts; drainage and land reclamation districts; all special service districts, including but not limited to road, water, sewerage, fire protection, recreation, hospital service, gas utility, and garbage districts; public trusts; and industrial development boards;
 (b) All other political subdivisions, special authorities, commissions, and boards heretofore or hereafter created by or pursuant to the constitution or statutes of the state, any laws incorporated into or ratified or confirmed by the constitution, or general or special charters of any parish or municipality; and
 (c) Any other unit of local government created or governed by the governing authority of any parish or municipality.
R.S. 39:1471 provides in part:
 A. Any public entity which is now or hereafter authorized by the constitution or statutes of the state of Louisiana to issue revenue bonds may authorize the issuance of the revenue bonds in the form of short-term revenue notes from time to time in one or more series as part of a commercial paper financing program adopted by the public entity.
 B. Short-term revenue notes may be issued for any of the authorized purposes specified in the constitutional or statutory authority and shall be payable from the revenue sources prescribed in the constitutional or statutory authority or, in the alternative, may be payable from the proceeds of short-term revenue notes approved pursuant to said financing program.
Therefore, NOAB is authorized to issue short-term revenue notes under R.S. 39:1471 for authorized purposes. As previously discussed, authorized purposes include borrowing for working capital purposes for operations at the Airport.
NOAB also cited La. R.S. 39:1444 through 1455, which deal with the refunding of securities of public entities, as granting it authority to issue bonds. Although the revenue anticipation notes at issue in this opinion are not issued for the purpose of refunding outstanding debt, we believe that NOAB is authorized to issue bonds under these provisions. R.S. 39:1444(5) defines "Public entities" or "public entity" as follows: *Page 7 
 "Public entities" or "public entity" means any one of the following, acting alone or in conjunction with any other:
 (a) State boards, commissions, or agencies; parishes; municipalities; parish and municipal school boards and districts; levee boards and districts; port boards and commissions; port, harbor, terminal, and industrial districts; drainage and land reclamation districts; all special service districts, including but not limited to road, water, sewerage, fire protection, recreation, hospital service, gas utility, and garbage districts; public trusts; and industrial development boards;
 (b) All other political subdivisions, special authorities, commissions, and boards heretofore or hereafter created by or pursuant to the constitution or statutes of the state, any laws incorporated into or ratified or confirmed by the constitution, or general or special charters of any parish or municipality; and
 (c) Any other unit of local government created or governed by the governing authority of any parish or municipality.
La. R.S. 39:1445 provides:
 Subject to the approval of the State Bond Commission and without reference to any other provisions of the laws of Louisiana and in addition to any other authority therefore [sic], any public entity is hereby authorized to issue refunding bonds for the purpose of refunding, readjusting, restructuring, refinancing, extending, or unifying the whole or any part of its outstanding securities in an amount sufficient to provide the funds necessary to effectuate the purpose for which the refunding bonds are being issued and to pay all costs associated therewith.
Because NOAB meets the definition of public entity, it would be authorized to issue refunding bonds pursuant to R.S. 39:1445, and is authorized to issue the bonds for the purpose of refunding, readjusting, restructuring, refinancing, extending, or unifying the whole or any part of its outstanding securities.
Based upon the foregoing, it is the opinion of our office that under the facts as outlined in its application for approval to the State Bond Commission and the Resolution of the New Orleans Aviation Board dated December 14, 2005 submitted therewith, NOAB has the authority to issue revenue anticipation notes pursuant to the statutes discussed herein for the purposes of providing working capital for operations at the Airport. NOAB has such authority subject to approval by the city council; with regards to incurring debt to provide working capital for operations, NOAB has such authority only when the city *Page 8 
council unanimously declares the existence of an emergency as provided in Section 3-119 of the Charter.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: __________________________
 KENNETH L. ROCHE, III
 Assistant Attorney General